**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-2289**

———————

DAWN PERLMUTTER; THOMAS M. BOLICK,

        Plaintiffs – Appellants,

     v.

TRINA VARONE; JEFFREY VARONE; GARY ALTMAN, ESQ.; ALTMAN &
ASSOCIATES; RABBI SHALOM RAICHIK; SCOTT PERLMUTTER;
MONTGOMERY COUNTY, MARYLAND; ISIAH LEGGETT; JUDGE STEVEN
SALANT; JUDGE TERRENCE MCGANN; MARK S. ROSEMAN; JAMES
STEPHEN MCAULIFFE, III; MILES & STOCKBRIDGE, P.C.; HOPE
VILLAGE,

        Defendants – Appellees,

     and

JOHN DOES, 1 through 10; JAYNE DOES, 1 through 10,

        Defendants.

———————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   George J. Hazel, District Judge.
(8:14-cv-02566-GJH)

———————

Submitted:  March 29, 2016        Decided:  April 14, 2016

———————

Before AGEE and HARRIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Dawn Perlmutter, Thomas M. Bolick, Appellants Pro Se. James Stephen McAuliffe, III, Rachel T. McGuckian, MILES & STOCKBRIDGE, PC, Rockville, Maryland; Matthew W. Lee, WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, McLean, Virginia; Anthony Stephen Conte, II, LAW OFFICE OF A. STEPHEN CONTE, Rockville, Maryland; Silvia Carolina Kinch, OFFICE OF THE COUNTY ATTORNEY, Rockville, Maryland; Michele J. McDonald, Assistant Attorney General, Baltimore, Maryland; James R. Andersen, ROLLINS, SMALKIN, RICHARDS & MACKIE, LLC, Baltimore, Maryland, for Appellees.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dawn Perlmutter and Thomas M. Bolick appeal from the district court's orders granting Defendants' motions to dismiss the complaint and denying Appellants' Fed. R. Civ. P. 59 motion for reconsideration. We have reviewed the record and the parties' arguments on appeal, and we find that there is no reversible error in the district court's opinion. Accordingly, we affirm substantially for the reasons stated by the district court. Perlmutter v. Varone, No. 8:14-cv-02566-GJH (D. Md. Aug. 11 & Oct. 15, 2015).

In addition, we note that, regarding numerous claims, the district court dismissed a particular claim for more than one reason. However, on appeal, Appellants have not challenged all the alternative bases for the district court's rulings. As such, Appellants have waived consideration of many of the alternative holdings of the district court. See 4th Cir. R. 34(b).

We address a few claims raised by the district court separately, as the arguments raised on appeal were either not clearly raised below or not directly addressed by the district court. The district court dismissed Appellants' claims arising under the Commerce Clause as barred by the Rooker-Feldman doctrine, and Appellants challenge this finding on appeal. In Exxon Mobil Corp. V. Saudi Basic Indus. Corp., 544 U.S. 280, 284

3

(2005), the Supreme Court stated that the Rooker-Feldman doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." In light of Exxon, we now examine "whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself" when considering whether federal jurisdiction offends Rooker-Feldman. Davani v. Va. Dep't of Transp., 434 F.3d 712, 718 (4th Cir. 2006). However, since Appellants' Commerce Clause claim clearly seeks review of state court judgments, the district court properly determined that it lacked jurisdiction over the claim.

Appellants next claim that the district court improperly raised the issue of res judicata sua sponte. Appellants claim that res judicata is an affirmative defense and must be raised and proved by Defendants. We review the district court's sua sponte decision to consider whether res judicata bars a claim for abuse of discretion. Clodfelter v. Republic of Sudan, 720 F.3d 199, 208 (4th Cir. 2013). While generally a defendant has the burden of raising res judicata, we have recognized that sua sponte consideration is appropriate in "special circumstances." Id. at 209. Here, the Maryland state courts have held hearings and dealt with numerous related suits and appeals over a period

4

of several years. Even in state court, Appellants have repeatedly raised claims that were already rejected. We find that the ongoing failure to recognize the finality of the state court orders constitutes special circumstances permitting sua sponte consideration of the res judicata defense. Accordingly, the district court did not abuse its discretion in considering whether res judicata applied.

Finally, Appellants contend that the doctrine of judicial immunity does not bar the declaratory relief that they sought against the judicial defendant. However, Appellants' complaint does not seek declaratory relief regarding the judicial defendants. While Appellants' Rule 59 motion stated that they sought against the judicial defendants "only prospective declaratory or injunctive relief to prevent a continuing violation of federal law," the complaint belies this contention, and Appellants, even in their motion and on appeal, fail to explain the basis or form of this declaratory relief. See, e.g., City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983) (complaint must plead facts that would entitle plaintiff to prospective declaratory or injunctive relief, i.e., likelihood of substantial and immediate irreparable injury and inadequacy of remedies at law, for plaintiff to have standing to seek such relief). Because Appellants have failed to make a sufficient showing that they properly sought anything but monetary damages

5

against the judicial defendants, we find that the district court correctly ruled that the judicial defendants were protected by absolute judicial immunity.

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

6