BLD-071                                                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2978
_____

DAWN PERLMUTTER; THOMAS BOLICK

v.

TRINA VARONE; JEFFREY VARONE, H/W; SUTTON INVESTMENTS LLC;
UNITED STATES OF AMERICA; ATTORNEY GENERAL UNITED STATES OF
AMERICA; U.S. DEPARTMENT OF JUSTICE

THOMAS BOLICK,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-21-cv-05018)
District Judge:  R. Barclay Surrick
_____

Submitted on Appellees' Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 23, 2025
Before:  SHWARTZ, MATEY, and CHUNG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 5, 2025)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Thomas Bolick appeals pro se from the District Court's order dismissing his complaint. We will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Bolick and Dawn Perlmutter filed an amended complaint in the Eastern District Court of Pennsylvania seeking "the return of stolen property." Dist. Ct. Dkt. No. 13 at 1. According to the complaint, Bolick and Perlmutter had inheritance rights to Joan Sutton's estate, but defendants Trina and Jeffrey Varone fraudulently gained control over the estate and conspired to deny the plaintiffs access to fair court proceedings. Bolick and Perlmutter brought First Amendment, civil conspiracy, racketeering, and due process claims against the Varones.

The complaint also alleged that the Varones received money from the United States through contracts with Sutton Investments LLC, the business in which Sutton, the decedent, had a controlling interest. Bolick and Perlmutter further alleged that the Attorney General continued to do business with the Varones despite knowing that Bolick and Perlmutter were "lawful owners of the contract," that the Attorney General "breached the contract by failing to include Plaintiffs in material matters," and that the United States was aware of the facts. Dist. Ct. Dkt. No. 13 at 7, 13. Bolick and Perlmutter brought due process and breach-of-contract claims against the federal defendants.

2

Perlmutter, Bolick, and the Varones have litigated Sutton's estate for over a decade.[1] The United States and the Attorney General moved to dismiss this complaint. They argued in part that res judicata barred the plaintiffs' claims against them, as the claims had already been raised and dismissed in a prior lawsuit. See Perlmutter v. Varone, No. 8:19-cv-03402, 2020 WL 2839097 (D. Md. June 1, 2020), aff'd, 848 F. App'x 148 (4th Cir. May 25, 2021) (per curiam). The District Court granted the motion and dismissed the complaint against all the defendants with prejudice. Bolick appealed the District Court's dismissal, and the United States, the Department of Justice, and the Attorney General moved to summarily affirm the District Court's judgment.[2]

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal. See Twin City Fire Ins. Co. v. Glenn O. Hawbaker, Inc., 118 F.4th 567, 574 (3d Cir. 2024); Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 172 (3d Cir. 2009). We may affirm the District Court's judgment for any reason supported by the record, and we may summarily affirm the judgment if the appeal presents no

---

[1] See, e.g., Perlmutter v. Varone, 59 F. Supp. 3d 107 (D.D.C. 2014); Perlmutter v. Varone, 645 F. App'x 249 (4th Cir. 2016); Perlmutter v. Varone, No. 2127, 2018 WL 1151597 (Md. Ct. Spec. App. Mar. 5, 2018); Perlmutter v. Varone, No. 1652, 2020 WL 6707829 (Md. Ct. Spec. App. Nov. 16, 2020); Sutton Invs. LLC v. Perlmutter, No. 1:21-cv-3226, 2021 WL 6062635 (D.D.C. Dec. 22, 2021); Perlmutter v. Sutton Invs., LLC, 284 A.3d 939 (Pa. Super. Ct. 2022).

[2] Even though not all appellees filed a motion for summary affirmance, we advised all parties that we would consider the possibility of summary action as to all appellees. See 3d Cir. LAR 27.4; I.O.P. 10.6. Bolick responded.

substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

To survive dismissal, the litigant's complaint must allege sufficient facts to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Although the Court construes a pro se litigant's claims liberally, see Vogt v. Wetzel, 8 F.4th 182, 185 (3d Cir. 2021), mere conclusory allegations are insufficient to state a claim for relief, Iqbal, 556 U.S. at 678.

Res judicata requires "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Davis v. Wells Fargo, 824 F.3d 333, 341 (3d Cir. 2016) (quoting Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991)). "The doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought." In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008).

In 2020, Bolick and Perlmutter filed an amended complaint against the Varones, the United States, and other defendants for conduct arising from the same alleged fraudulent scheme driving the litigation in this case. Just as they did in this case, Bolick and Perlmutter alleged in the Maryland District Court that the Varones fraudulently gained control over Sutton's estate and conspired and schemed to deny them fair access to court proceedings. And Bolick and Perlmutter alleged that the United States was liable under the Federal Tort Claims Act by contracting with Sutton Investments LLC and authorizing or acquiescing in the Varones' fraudulent conduct. The Maryland District

4

Court dismissed the complaint with prejudice, in part because the plaintiffs failed to allege plausibly that the Varones engaged in state action or conspired to deprive the plaintiffs of a constitutional right, and the United States could not be held liable under the Federal Tort Claims Act for the conduct of a privately-owned corporation. Perlmutter, 2020 WL 2839097, at *3-4. Having been affirmed by the Fourth Circuit, see Perlmutter, 848 F. App'x 148, the District Court order is a final judgment on the merits that precludes most of the claims against the Varones.[3] See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981).

Bolick argues that preclusion does not apply because the fraudulent scheme continued after the District of Maryland's judgment, and thus the amended complaint in this case presented new facts. We need not resolve that issue because to the extent that the claims are not precluded, they fail to meet the Iqbal standard. The complaint in this case newly alleged that the Varones brought the matter to Pennsylvania to defame the plaintiffs, and that they bribed a judge to grant a pre-filing injunction and disregard record admissions, denying the plaintiffs due process and access to courts. Without sufficient supporting facts, these conclusory allegations do not state a plausible claim against the Varones. See Iqbal, 556 U.S. at 678 (citation omitted) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action

---

[3] The plaintiffs argued that the District of Maryland judgment is void, but they offered no support other than bare allegations of fraud, corruption, and due process violations. They even moved for the District Court in this case to set aside the judgment from the District of Maryland pursuant to Federal Rules of Civil Procedure 60(b)(3) and (4), but the District Court reasonably denied the motion.

will not do."). The contract and due process claims against the United States, the Attorney General, and the Department of Justice similarly fail. See id.

Accordingly, the District Court did not err by dismissing the amended complaint. Considering the plaintiffs' litigation history, it was not an abuse of discretion to conclude that further amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). We have examined the District Court's other rulings in this case, and we discern no reversible error. Thus, we grant the motion for summary action and will summarily affirm the District Court's judgment.